IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

June 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

PAUL E. KINSLER and wife,   )      TENNESSEE CLAIMS
BARBARA KINSLER,            )      COMMISSION
                            )      (Claim No. 97003774)
        Petitioners/Appellants   )
                            )      Appeal No. 03A01-9810-BC-00362
v.                          )
                            )
STATE OF TENNESSEE,         )      HONORABLE MICHAEL S. LACY
ex rel, MILITARY DEP'T. OF  )      COMMISSIONER
TENNESSEE, and its          )
ADJUNCT GENERAL,            )
                            )
        Respondents/Appellants  )   AFFIRMED


Paul A. Harr,, Kingsport, for Appellants.

Paul G. Summers, Attorney General and Reporter, and David T. Whitefield, Senior Counsel, Civil Rights and Claims Division, State of Tennessee, for the State.


# M E M O R A N D U M   O P I N I O N

_____Inman, Senior Judge

This case is on appeal from the Tennessee Claims Commission.

On May 5, 1997, the claimants filed a notice of claim against the State alleging that Mr. Kinsler sustained personal injuries on May 2, 1996, while training as a Tennessee National Guardsman.

T.C.A. § 9-8-402 provides that a claimant must give written notice to the Division of Claims Administration as a condition precedent to recovery, and that the claim is barred unless the notice is given within the time provided by the statute of limitations applicable to the courts for similar occurrences from which the claim arises.  The applicable statute of limitations is T.C.A. § 28-3-104, which requires

actions for personal linjuries to be commenced within one year after the cause of action accrues.

Claimants argue that since the accident occurred on May 2, 1996, the one-year limitation did not expire until May 3, 1997, and the ensuing holidays saved the filing. But this argument overlooks the fact that both May 3, 1996, and May 3, 1997, are included in the computation.

This is a proper case for affirmance pursuant to Rule 10, Rules of the Court of Appeals.[1]

The judgment is affirmed with costs assessed to the appellant.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

---

[1] **Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]